IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:04cr200-F |
| | ) | WO |
| MICHAEL ANTHONY HENDERSON | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 26, 2005. For the following reasons, I conclude that the defendant should be detained pending the revocation hearing in this case.

Defendant has not met his burden of establishing that he will not flee or pose a danger to any other person or to the community pending his revocation hearing. On the contrary, the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that Henderson left this district and traveled to Wisconsin in August 2005 without the knowledge or permission of the supervising probation officer. On three other previous occasions, he failed to report to probation as directed: he was approximately two months late in reporting to probation officers in the Eastern District of Wisconsin, six weeks late in reporting to the Middle District of Alabama, and several weeks late in reporting a change of residence within the Middle District. He has failed to file supervision reports, filed reports late, or filed false reports. He has given aliases to police

on several occasions when he has been stopped. He has failed to appear on other legal matters. Although he is in arrears on his restitution in the amount of over $800, he took out a loan last year for nearly $30,000 for a 2001 Lexus and falsely represented that he had obtained permission from the probation officer in Wisconsin to do so. In short, Henderson has engaged in a pattern of deception, non-compliance, and failure to appear and/or report that gives the court little confidence that he will not flee and will abide by any conditions of release. In addition, his probation was previously revoked due to a weapons charge, he has a pending assault charge, and he is a currently a suspect in a bank robbery in Milwaukee. Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 26th day of August, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE